T.C. Summary Opinion 2003-73

UNITED STATES TAX COURT

ROBERT TERRENCE THOMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8041-02S.                    Filed June 12, 2003.

Robert Terrence Thompson, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1999,
the taxable year in issue.

income tax for the taxable year 1999 in the amount of $2,091.

The issues for decision are as follows:

(1) Whether petitioner is entitled to a deduction for a dependency exemption for his son Christopher William Thompson. We hold that he is not.

(2) Whether petitioner is entitled to head of household filing status. We hold that he is not.

(3) Whether petitioner is entitled to an earned income credit. We hold that he is not.

An adjustment to the amount of petitioner's standard deduction is a purely mechanical matter, the resolution of which is dependent on our disposition of the disputed issue regarding petitioner's filing status.

Background[2]

Some of the facts have been stipulated, and they are so found.[3] Petitioner resided in Chicago, Illinois, at the time that his petition was filed with the Court.

---

[2] We decide the issues in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

[3] In the parties' Stipulation of Facts, respondent reserved hearsay objections to three of petitioner's exhibits. We overrule those objections at this time. However, we accord no weight to any unsupported and conclusory statement made in those exhibits.

Petitioner is the father of Christopher William Thompson (Christopher), who was born on July 17, 1996, in Chicago, Illinois.  Christopher's mother is Michelle Renee Harris (Ms. Harris).  Although petitioner and Ms. Harris lived together for a period of time, they were never married.

Around Christmas 1996, petitioner and Ms. Harris separated and did not thereafter live together.  Subsequently, on or about June 6, 1997, the Circuit Court of Cook County, Illinois (the Cook County court) entered an order granting Ms. Harris sole legal custody of Christopher and directing petitioner to pay child support in the amount of $46 per week until July 17, 2014, Christopher's 18th birthday.  At no time relevant to the present case did the Cook County court ever modify its order.

In or about July 1998, Ms. Harris relocated permanently from Chicago, Illinois, to Las Vegas, Nevada, and took Christopher with her.  Petitioner acquiesced in the matter based on an agreement with Ms. Harris that Christopher would be permitted to visit petitioner and his family in Chicago.  In this regard, it was contemplated that until Christopher reached the age of 5 and began going to school in Las Vegas, he would spend several months in Chicago twice a year with petitioner and his family.

On or shortly after December 4, 1998, petitioner's sister Rhonda Thompson (Ms. Thompson) traveled to Las Vegas and returned to Chicago with Christopher for a visit with petitioner and his

family.  On or shortly after March 3, 1999, Ms. Thompson returned Christopher to his mother in Las Vegas.

On or shortly after June 13, 1999, Christopher was again brought to Chicago for another visit with petitioner and his family.  On or shortly after September 5, 1999, Christopher was returned to his mother in Las Vegas.

Petitioner filed a Federal income tax return for 1999.  On his return, petitioner listed his filing status as head of household, and he claimed both a deduction for a dependency exemption for Christopher and an earned income credit based on Christopher as the qualifying child.  Also on his return, petitioner reported adjusted gross income in the amount of $21,499.

Discussion

A.  Deduction for Dependency Exemption

Section 151(a) authorizes deductions for the exemptions provided by that section.  In particular, and as relevant herein, section 151(c)(1)(B) provides an exemption for each dependent, as defined in section 152, who is a child of the taxpayer and who has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins.

As relevant herein, section 152(a)(1) defines the term "dependent" to include a taxpayer's child over half of whose support, for the calendar year in which the taxable year of the

taxpayer begins, is treated under section 152(e) as received from the taxpayer.

In the case of a child of parents who live apart at all times during the last 6 months of the calendar year, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support during the calendar year from the parent having custody for the greater portion of the calendar year (the custodial parent). Although there are exceptions to this general rule, see sec. 152(e)(2) to (4), none of the exceptions apply in the present case.[4]

As relevant herein, section 1.152-4(b), Income Tax Regs., provides that custody means legal custody, which is determined by the terms of the relevant court order. Thus, in the present case, because Ms. Harris had legal custody of Christopher throughout 1999, she was the custodial parent, and petitioner was the noncustodial parent.[5]

---

[4] Petitioner contends that he and Ms. Harris had an oral agreement that he could claim Christopher as a dependent. Although sec. 152(e)(2) permits the custodial parent to release her claim to a dependency exemption for the year, the statute requires: (1) The custodial parent sign a written declaration to that effect, and (2) the noncustodial parent attach such declaration to his return.

[5] Even if the applicable standard were physical custody rather than legal custody, Ms. Harris would still be the custodial parent and petitioner the noncustodial parent. In this regard, see the discussion infra regarding filing status in subdivision B of this opinion.

To summarize:  The general rule of section 152(e)(1) serves to assign the dependency exemption for a child to the custodial parent.  Therefore, because petitioner was the noncustodial parent, he is not entitled to claim Christopher as his dependent. Id.  In view of the foregoing, we sustain respondent's determination on this issue.

B.  Filing Status

As relevant herein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as his or her home a household that constitutes for more than one-half of the taxable year, the principal place of abode of a child of the taxpayer.  See sec. 2(b)(1)(A)(i).

Although petitioner maintained a residence for Christopher that may have been Christopher's place of abode during his son's visits to Chicago, the record does not demonstrate that petitioner's residence was Christopher's principal place of abode for more than half of the year.  Thus, in 1999, Christopher spent only about 146 days with petitioner in Chicago, a period that is considerably less than half of the year.[6]  In contrast, Christopher spent more than half of the year with his mother in

---

[6]  Jan. 1, 1999 through Mar. 3, 1999 constitutes 62 days, and June 13, 1999 through Sept. 5, 1999 constitutes 84 days. Together, these two periods equal 146 days, which is 37 days short of being more than half of the year.

Las Vegas. It follows, therefore, that petitioner is not entitled to head of household filing status. Respondent's determination on this issue is sustained.

C. Earned Income Credit

In the case of an eligible individual, section 32(a) allows an earned income credit against the individual's income tax liability. As relevant herein, an "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year.[7] Sec. 32(c)(1)(A)(i).

To be a "qualifying child", an individual must, inter alia, have the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A)(ii). However, as previously discussed, Christopher spent less than half of 1999 with petitioner in Chicago. Consequently, it cannot be said that petitioner's residence was Christopher's principal place of abode for more than half of the year. It follows, therefore, that petitioner is not entitled to an earned income credit. Respondent's determination on this issue is sustained.

---

[7] An individual may be eligible for an earned income credit even if the individual does not have a "qualifying child" for the taxable year. Sec. 32(c)(1)(A)(ii). However, as relevant herein, such an individual would be eligible only if the individual's adjusted gross income were less than $10,200. In the present case, petitioner's adjusted gross income was $21,499; accordingly, petitioner would not be eligible for an earned income credit without a "qualifying child".

D.  <u>Conclusion</u>

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for respondent.</u>